IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SANFORD LEONARD RYLES, ) <br> AIS 167820, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. )   CIVIL ACT. NO. 3:21-cv-589-ECM <br> )                  [WO] <br> HEATH TAYLOR, *et al.*, ) <br> ) <br>     Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff Sanford Leonard Ryles ("Ryles" or "Plaintiff"), an inmate in the custody of the Alabama Department of Corrections ("ADOC"), brought this action pursuant to 42 U.S.C. § 1983, claiming that he was provided inadequate medical care in violation of the Eighth Amendment, along with other alleged constitutional violations. On August 6, 2024, the Magistrate Judge entered a Recommendation (doc. 149) that certain federal claims be dismissed with prejudice for failure to exhaust administrative remedies; other federal claims be dismissed with prejudice because no reasonable jury could conclude that Ryles' Eighth Amendment rights were violated; other federal claims be dismissed without prejudice for failure to prosecute and comply with Court Orders; and any state law claims be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). Ryles filed objections to the Recommendation. (Doc. 153). After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and Ryles' objections, the Court concludes that

Ryles' objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted as modified herein, and this case is due to be dismissed.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and Ryles' objections. To the extent Ryles' makes conclusory objections or merely restates the allegations in his complaint, these objections are reviewed for clear error and are due to be overruled.

On July 15, 2024, before entering the Recommendation, the Magistrate Judge ordered the parties to each file a brief, by July 30, 2024, addressing the standard set forth

in the Eleventh Circuit's recent en banc decision in *Wade v. McDade*, 106 F.4th 1251 (11th Cir. July 10, 2024) (en banc), and its applicability to the deliberate indifference claims at issue in this case. (Doc. 145). The Order specified that "**[n]o extensions of this deadline will be granted.**" (*Id.* at 2) (emphasis in original). Ryles specifically objects to the Magistrate Judge's purported failure to consider his brief addressing the *Wade* standard (doc. 151). Ryles' brief was initially received by the Court on August 5, 2024 and appears to have been mailed on July 25, 2024; however, the Clerk of Court returned the filing to Ryles because it lacked a certificate of service. (Doc. 150). Ryles re-mailed the filing, and it was filed with the Court on August 15, which was after the Magistrate Judge entered her Recommendation. (Doc. 151). Assuming without deciding that Ryles' brief was timely, the brief far exceeds the narrow scope of the Court's July 15 Order. The Court's July 15 Order called for briefing on *Wade*—nothing else. Nonetheless, Ryles' response brief includes evidence and arguments in opposition to the Defendants' earlier submissions. For this reason, the Court need not consider Ryles' brief to the extent it addresses issues beyond the applicability of the *Wade* standard. Even if the Court did consider the entire brief, it would not change the outcome of the Recommendation. Consequently, this objection is due to be overruled.

The remainder of Ryles' objections amount to general or conclusory objections or restatements of arguments already presented and addressed in the Recommendation. While Ryles' objections reflect a disagreement with the Recommendation's findings and conclusions, Ryles fails to establish that the Magistrate Judge committed any error.

3

Consequently, his objections are due to be overruled.

Accordingly, upon an independent review of the record, and for good cause, it is ORDERED as follows:

1. The Plaintiff's objections (doc. 153) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 149) is ADOPTED as modified herein;

3. The answers and special reports filed by Defendants William Alexander, Jarrod Barr, Theresa Dyer, Brinson Harley, William Hood, Mike Loyless, Ian Parker, Meggan Sizemore, Heath Taylor, Pam Weatherly, and Steve Johnson are construed as motions to dismiss (docs. 35, 68), and the motions to dismiss (docs. 35, 68) are GRANTED to the extent these Defendants seek dismissal of the federal claims against them due to the Plaintiff's failure to properly exhaust administrative remedies;

4. The federal claims against Defendants William Alexander, Jarrod Barr, Theresa Dyer, Brinson Harley, William Hood, Mike Loyless, Ian Parker, Meggan Sizemore, Heath Taylor, Pam Weatherly, and Steve Johnson are DISMISSED with prejudice;

5. The answers and special reports filed by Defendants Symphony Diagnostic Services No. 1 d/b/a/ TridentCare and Dr. Scott Loveless (docs. 39, 42, 70) are construed as motions for summary judgment, and the motions for summary judgment (docs. 39, 42, 70) are GRANTED as to the Plaintiff's federal claims against these Defendants;

6. The federal claims against Defendants Symphony Diagnostic Services No. 1 d/b/a/ TridentCare and Dr. Scott Loveless are DISMISSED with prejudice;

7. The Court declines to exercise supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3), and the state law claims are DISMISSED without prejudice;

8. The Plaintiff's claims against Defendants Pamala Shaw, Daryl Ellis, Andrew Mosier, Jessie Stanley, and Jessica Mace are DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 4(m) and for the Plaintiff's failure to prosecute and comply with Court Orders.

9. Except for the filing fee assessed to the Plaintiff, no costs are taxed.

10. This case is DISMISSED.

A separate Final Judgment will be entered.

DONE this 30th day of August, 2024.

    /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE